**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO. 19-64 (TJK)** |
| | ) | |
| **RYAN JASELSKIS** | ) | |

## MOTION TO REVOKE ORDER OF DETENTION

Pursuant to 18 U.S.C. § 3145(b), Ryan Jaseksis, by and through counsel, respectfully moves this Court to revoke the order of the magistrate court directing that Mr. Jaseklskis shall remain in custody during the pendency of his case. Significant factors supporting revocation of the magistrate court's detention order include the Defendant's lack of a criminal record, strong family ties and proposed release conditions that will insure that the defendant will not pose a danger to the community if released. Thus, in accordance with 18 U.S.C. § 3142, Mr. Jaselskis must be released while his case is pending trial.

For the reasons outlined below, Mr. Jaselskis requests that this Court place him into the "Permanent Home Confinement" section of High Intensity Supervision Program (HISP). Mr. Jaslskis request a hearing on this motion.

## Background

Mr. Jaselskis was arrested in connection with this case on February 13, 2019. He was arrested without incident in D.C. Superior Court at conclusion of a status hearing relating to two misdemeanors cases. Even though the D.C Superior Court judge was aware of the instant charge, Mr. Jaslskis was placed on pre-trial release in both misdemeanor cases, directed to live with this parents in South Carolina and report weekly, by phone, to the Pretrial Services Agency.

A detention hearing was conducted in this case on February 19, 2019. At the conclusion of

the detention hearing, the magistrate court ordered that Mr. Jaselskis be held without bond pending trial. According to a Detention Memorandum filed in this case, Mr. Jaselskis is being held without bond because the magistrate court concluded that "no condition or combination of conditions exist that would ensure the safety of the community" and no conditions of release would 'reasonably assure [the] Defendant's appearance as required." Detention Memorandum at 13 [Document 5].

**Argument**

It is a well established principle that criminal defendants should not suffer imprisonment on a charge for which they have yet to be convicted. *See Stack v. Boyle*, 342 U.S. 1 (1951). In 1984, Congress enacted the Bail Reform Act to solidify this principle and to ensure that pretrial detention is utilized in only the rare cases in which community safety and flight are serious concerns. In passing the Act, Congress surely did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses. Rather, Congress intended to reserve pretrial detention for only "a small but identifiable group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* U.S. Code Cong. & Ad. News 3189. When implementing the provisions of the Bail Reform Act, courts have recognized that the Act clearly favors release over pretrial detention. *See United States v. Orta*, 760 F.2d 887, 890-892 (8th Cir. 1985); *United States v. Miller*, 625 F. Supp. 513, 516-17 (D.Kan. 1985); *see also United States v. Salerno*, 481 U.S. 751, 755 (1987) ("In our society liberty is the norm and detention prior to trial or without trial is a carefully limited exception").

The Bail Reform Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Even if a court determines that personal recognizance or an unsecured appearance bond will not assure a defendant's appearance in court or protect the safety of the community, the court is not permitted to order the pretrial detention of a defendant without further inquiry. When personal recognizance or an unsecured appearance bond are not sufficient, the court must consider imposing an alternative condition, or combination of conditions, that will assure the defendant's appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c).[1] Examples of alternative conditions courts may consider imposing include employment or educational requirements, travel restrictions, stay away orders, a specified curfew, or a condition that the defendant refrain from the use of any controlled substance. *See* 18 U.S.C. § 3142(c)(1)(B).

Defendants who are charged with certain specified offenses are subject to a rebuttable presumption that no condition, or combination of conditions, can assure the defendant's appearance or ensure the safety of the community. 18 U.S.C. § 3142(e). If this Court finds probable cause that the Defendant committed and offense covered by this section of the statute, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community." 18 U.S.C. § 3142(e)(3). In the event this Court finds the rebuttable presumption applicable to Mr. Jaselskis's case, the presumption

[1] When imposing an alternative condition, or combination of conditions, the court must select the "least restrictive" condition(s). *See* 18 U.S.C. § 3142(c)(1)(B).

merely "imposes a burden of production on the defendant to offer contrary credible evidence." *United States v. Alatishe*, 768 F.2d 364 (D.C. Cir. 1985). Significantly, this burden of production "is not a heavy one to meet." *United States v. Dominquez*, 783 F.2d 792, 707 (7th Cir. 1986). In order to rebut the presumption, a defendant must merely produce some evidence "to suggest" that he is neither dangerous nor likely to flee if released. *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *see also United States v. Miller*, 625 F.Supp. 513, 519 (D. Kan. 1985) (describing the burden as one merely requiring a defendant "to offer some credible evidence contrary to the statutory presumption").

When evaluating factors which are relevant in determining whether Mr. Jasleskis should be released, it is clear that Mr. Jaselskis is not part of the limited group of people for whom the Bail Reform Act contemplates being detained pending trial. As set forth herein, it is also clear that Mr. Jaselskis is able to successfully rebut any presumption that there are no conditions that may reasonably assure the safety of the community.

1. *Community Safety*

The D.C. Superior Court judge concluded that Mr. Jaselskis' release would not pose a danger to the community, notwithstanding this new charge. This Court should do so, as well.

The best way to assess whether Mr. Jaselskis is a danger to the community is to evaluate his personal history, review his suspected conduct in the instant case, and determine whether his release will pose a danger to any particular individual in the community. When examining these factors, it is abundantly evident that Mr. Jaselskis is not a danger to the community.

Mr. Jaselskis' history and characteristics strongly negate any concerns about community

safety.[2] Mr. Jaselskis is just 22 years old. He has strong family ties. Each member of his family has been present at every court proceeding in this case. His parents are both former members of the Armed Services and his father is a graduate of West Point. Mr. Jasleskis enjoys an excellent relationship with his family.

Mr. Jaselskis has no prior criminal record. The allegations against Mr. Jaselskis in the instant case involve lighting a small fire that was extinguished in seconds by an employee at the restaurant. There is no claim that Mr.Jaselskis engaged in any violent behavior towards any potential witness in this case. Moreover, there is no evidence that Mr. Jaselkis is the leader (or even a member) of a large criminal enterprise. To be clear, the defendant does not suggest that the instant charges are not serious. However, an individual like Mr. Jaselskis is not the type of defendant congress had in mind when it enacted 18 U.S.C. 3142 §§ et seg. *See*, *United States v. Alatishe*, 768 F.2d 364, 370 n. 13 (D.C. Cir. 1985)(quoting S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S. Code Cong. Admin. News 1984, p. 3202)("Persons charged with major drug felonies [and leaders of large criminal enterprises] are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism. Furthermore, the Committee received testimony that flight to avoid prosecution is particularly high among persons charged with major drug offenses. Because of the extremely lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and the foreign contacts to escape to other countries

---

[2]The type of factors the court should consider when assessing a defendant's history and characteristics include criminal history, whether the defendant is under court supervision, family ties, length of residence in the community, and employment record. *See* 18 U.S.C. § 3142(g)(3).

with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences.")

There may be instances in which a defendant's history and alleged conduct in the charged offense support pretrial release, but the need to protect a particular individual, or individuals, from harm from the defendant warrant pretrial detention. This concern is certainly not present in Mr. Jaselkis' case. Mr. Jaslekis has not threatened anyone, he has no intention to threaten or harm anyone, and no reasonable claim can be made that there is any individual in the community against whom Mr. Jaselskis would retaliate or harm if released. Hence, in addition to posing no danger to the community in general, Mr. Jaselkis is not a danger to the safety of any other individual person.

Finally, and perhaps most important, the Pretrial Service Agency has concluded that Mr. Jasslskis' "Dangerous/Violent Re-Arrest Risk" is Low. *See*, *Pretrial Services Report* (2/14/19) at p. 1.

2. *Flight Risk*

The D.C. Superior Court judge concluded that Mr. Jaselskis was not a flight risk, notwithstanding this new charge. Indeed, the court concluded there was no basis for detaining Mr. Jaselskis due to any concern that he would not appear in court when his appearance was required.

Mr. Jaselskis' strong family ties is a further indicator that he will not flee. His mother and father, both of whom are former members of the military, have been married for several years and have lived in the same house for years. Mr. Jaselskis therefore come from a very stable home. When released, Mr. Jaselskis will live with his parents in South Carolina.

Finally, and perhaps most important, the Pretrial Service Agency has concluded that Mr. Jasslskis' "Failure to Appear Risk" is Low. *See*, *Pretrial Services Report* (2/14/19) at p. 1.

3. *Appropriate Release Conditions for Mr. Jaselskis*

For the reasons discussed in this motion, pursuant to 18 U.S.C. § 3142(b), Mr. Jaselskis requests that this Court place him into the "Permanent Home Confinement" section of High Intensity Supervision Program (HISP). Under this section of HISP, Mr. Jasleskis would be confined to his parents' house unless he receives approval to leave the residence from the Pretrial Services Agency. His compliance would be monitored electronically via an ankle bracelet. Release into the "Permanent Home Confinement" section of the High Intensity Supervision Program is sufficient for assuring the safety of the community and Mr. Jaslekis 's appearance in court.[3] In order to comply with the Bail Reform Act's directive that only the "least restrictive" conditions be imposed, Mr. Jaselskis submits that no other release conditions are appropriate.

WHEREFORE, for these reasons and any such reasons that shall appear to the Court, the defendant, Ryan Jaselskis, respectfully requests that his motion be granted.

Respectfully Submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
DAVID W. BOS
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

[3] As the Court may recall this is the same program that proved successful in *United States v. Steven Davis*, 17-CR-218 (TJK).