**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 19-64 (TJK)** |
| | : | |
| **RYAN JASELSKIS,** | : | |
| **also known as "RYAN RIMAS"** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## GOVERNMENT'S OPPOSITION TO APPEAL FROM THE MAGISTRATE'S DETENTION ORDER FILED BY DEFENDANT RYAN JASELSKIS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition in the above-captioned case to defendant Ryan Jaselskis' Motion to Revoke Order of Detention (ECF Doc. 6). The government relies on the following points and authorities and any others made at a hearing before the Court.

## BACKGROUND[1]

### I.    Offense and Investigation

On January 23, 2019, at approximately 9:15 p.m., the defendant walked into Comet Ping Pong Restaurant, located at 5037 Connecticut Avenue, NW, Washington, DC, carrying a plastic grocery bag. The defendant walked through the restaurant wearing a distinctive blue and white jacket. He passed through a game room, where at least six adults and two children were playing table games, to a back bar room. After spending a couple of minutes crouched near a decorative

---

[1]    The factual summary contained herein is being provided only as background information to aid the Court in considering the appeal and motions at issue and the government's response in this pleading.  It is not a complete description of all the facts and evidence that might be established and admitted at trial.

curtain in the darkened room, the individual is visible leaving without the plastic bag he entered with. This first attempt evidently failed, and the defendant briefly left the restaurant before returning to try again. This time, the defendant successfully lit the curtain on fire. He watched the fire burn before turning to leave. As the defendant was about to depart, he noticed a surveillance camera.   He walked over to the camera and struck it, apparently in an attempt to disable it. The camera continued to function and the camera captured the defendant's face.   The defendant then departed the scene, leaving the curtain burning in the back bar room of a restaurant occupied by staff, patrons, and children. One of these patrons noticed the fire and ran to put it out. After pulling down the curtain, the patron poured a pitcher of liquid on the fire. Staff from the restaurant's kitchen then came to assist the patron, and together they put out the fire with a fire extinguisher.

District of Columbia Fire and Rescue units responded to the scene. Fire investigators found fire damage and burn marks on the wall and ceiling where the curtain had been. The investigators attributed this damage to the January 23, 2019 fire. The investigators found matches and accelerant on the ground beneath the curtain and a bottle of lighter fluid sitting on a nearby table. A survey of the scene revealed no other source of ignition. In an effort to identify the person who started the fire, police disseminated a portion of the restaurant's surveillance video depicting the defendant wearing the distinctive blue and white jacket.

On February 4, 2019, the defendant jumped a security fence at the Washington Monument, which was closed at the time for renovations. When officers of the United States Park Police confronted the defendant, he fought them, injuring one officer, causing bleeding. The defendant was arrested and charged with assault on a police officer and unlawful entry (D.C. Superior Court Case No. 2019 CMD 001696). On February 5, 2019, the defendant was released on conditions by

the District of Columbia Superior Court. These conditions included an order to stay away from the Washington Monument grounds. That same day, the defendant again jumped the security fence at the Washington Monument. When United States Park Police officers confronted the defendant this time, he told them he was again prepared to fight. While talking to the officers, the defendant presented them with the stay away order.   The defendant was arrested and charged with unlawful entry, destruction of property, and contempt (D.C. Superior Court Case No. 2019 CMD 001758).

During both arrests at the Washington Monument, the defendant was wearing the distinctive blue and white jacket worn in the surveillance video at Comet Ping Pong. Based on this jacket, the fire investigators were notified. The investigators created a nine-photograph spread and presented it to a patron who was present at Comet Ping Pong on the evening of January 23, 2019. That patron positively identified the defendant as the same individual who had walked into the darkened bar area on the night of the fire. Furthermore, investigators determined that the defendant is the owner of a 2007 Toyota Matrix registered in California. Surveillance cameras show the vehicle departing the area of Comet Ping Pong within minutes of the defendant's departure from the restaurant. The defendant's vehicle received parking tickets in the vicinity of the Washington Monument on each of the days he was arrested there.

On February 15, 2019, a grand jury charged the defendant with one count of arson, in violation of 18 U.S.C. § 844(i).

## II.     Detention Decision by the Magistrate Judge

A detention hearing for the defendant was held on February 19, 2019 before the Honorable G. Michael Harvey, United States Magistrate Judge for the District of Columbia. Both parties proceeded by proffer. At the conclusion of the hearing, Judge Harvey granted the government's

detention request, concluding by clear and convincing evidence that the defendant failed to rebut the presumption that no condition or combination of conditions could be imposed to reasonably assure the safety of the community, and ordered the defendant held without bail.   In a written Detention Memorandum (ECF Doc. 5), issued on February 26, 2019, the court found that the defendant "failed to produce . . . any 'credible evidence contrary to the statutory presumption' of his dangerousness were he to be released or that he is a flight risk, and therefore has not rebutted the presumption." (ECF Doc. 5, p. 6).   Judge Harvey further explained that the government has "a compelling case" due to the "striking resemblance" of the suspect in the surveillance video to the defendant (ECF Doc. 5, p. 6), the distinctive jacket (ECF Doc. 5, p. 7), and the presence of the defendant's car in and around the crime scenes (ECF Doc. 5, p. 7).   "Taken together," the court found, "this evidence supports a strong inference that the individual in the Comet Ping Pong surveillance video is Defendant, even without the patron's photo array identification" (ECF Doc. 5, p. 7).   Furthermore, "because Defendant has flouted recent court orders," Judge Harvey "ha[d] no confidence [Defendant] would comply with any conditions" set by the court (ECF Doc. 5, p. 8).   Finally, the court explained that "[e]ven had Defendant fully rebutted the presumption in favor of his detention, and the Court were to consider the Bail Reform Act's four section 3142(g) factors, the conclusion would be the same: Defendant should be held without bond pending trial." (ECF Doc. 5, p. 8).   Judge Harvey then considered each of the four factors in turn and found that each one weighs in favor of detention. (ECF Doc. 5, p. 9-12)

## LEGAL PRINCIPLES

Under the Bail Reform Act, 18 U.S.C. § 3141 et. seq., a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. 18 U.S.C. § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense under section 2332b(g)(5)(B) of Title 18, for which a maximum term of imprisonment of 10 years or more is proscribed," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(C). A grand jury indictment establishes the requisite probable cause triggering the rebuttable presumption in 18 U.S.C. §3142(e) that no combination of conditions will reasonably assure the safety of the community. *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986). The defendant is charged by indictment with arson, in violation of 18 U.S.C. § 844(i); this offense is enumerated in § 2332b(g)(5)(B) and carries a maximum penalty of up to twenty years, and a five year minimum mandatory. Accordingly, a rebuttable presumption is applicable here that no condition or combination of conditions will assure the safety of the community. See § 3142(e)(3)(C). After the presumption is established, no pretrial release condition or combination of conditions can be presumed to reasonably ensure the safety of the community. *See* 18 U.S.C. § 3142(e)(3).

The judicial officer considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance, [or] firearm;
>
> (2) the weight of evidence against the person;

(3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## DISCUSSION

The defendant makes essentially the same arguments in his pleading as those originally made before Judge Harvey at the detention hearing. Nothing has changed since that hearing that should lead this Court to overrule the decisions of Judge Harvey. Moreover, all of the factors under 18 U.S.C. § 3142(g) continue to weigh heavily in the government's favor, causing the defendant to be unable to rebut the presumption in 18 U.S.C. § 3142(e)(3)(C) that no combination of conditions will reasonably assure the safety of the community given the serious violent offense with which he is charged.

## I.    Reasons for Continued Detention of Defendant

The four factors in 18 U.S.C. § 3142(g), the nature of the circumstances of the offense charged, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community posed by release, all weigh heavily against the release of the defendant.

### A.    The Nature and Circumstances of the Offense and the Weight of the Evidence Favor Detention of the Defendant.

The defendant is charged with attempting to set fire to a wooden-framed family restaurant while it was open for business and full of patrons and staff members. This violent felony offense

6

is particularly serious, as demonstrated by the five-year mandatory minimum sentence prescribed by statute. The evidence of the defendant's unlawful conduct is strong, as discussed further below.

### 1.  Identification of the defendant

The events immediately before, during, and after the offense were captured on multiple cameras. Not only was the suspect wearing a very distinctive jacket that was identical to the one the defendant was wearing during his February 4 and 5 arrests, but he also looked directly into the camera while punching it. Moreover, there is strong circumstantial evidence tying the defendant's car to the area near the time the fire was set. Finally, an eyewitness made a positive identification of the defendant as the individual who entered the closed area of the bar where the fire was set.

### 2.  Evidence Against the Defendant

In addition to the strong identification evidence, there is compelling information indicating that the defendant intended to burn the restaurant. First, the fire was started with matches and accelerant. Second, the defendant appears to have failed in his first attempt to ignite the fire and then returned and tried again. Third, surveillance footage showed the defendant attempting to destroy the camera, demonstrating consciousness of guilt. Finally, at no point when he is in the room with the fire does the defendant make any attempt to extinguish the fire or alert the occupants of the building to the clear danger posed by a large fire in a wooden-framed building. This is in stark contrast to the heroic and quick-thinking actions of the patron who immediately jumped into action and prevented greater property damage and personal injury.

### B.  The Defendant's History and Characteristics Favor Detention, and He is a Danger to the Community if Released.

The defendant is a young man and he has limited prior contacts with the criminal justice

system.    However, in the brief period of time he was at liberty in the District of Columbia, there is strong evidence that the defendant committed three separate offenses in a fourteen-day period. In the instant case, he is charged with a violent felony that endangered many children and adults and carries a significant mandatory minimum term of imprisonment. In his February 4, 2019 offense, the defendant is charged with fighting with and injuring a law enforcement officer at the Washington Monument. Then, on February 5, 2019, the defendant returned to the Washington Monument despite an order from a judge issued that morning barring him from returning to that location. Any possibility that he was not aware of that order was eliminated when the defendant produced the order and showed it to the officers. As Judge Harvey found, the defendant "is not from this area and appears to have come to Washington, D.C. to engage in unlawful conduct." (ECF Doc. 5, p. 11-12).   These facts, when combined with the defendant's lack of a verified address or steady employment, indicate that there is no condition or combination of conditions that will keep the community safe and assure the defendant's presence in court if he were released.

For all of these reasons, the government believes that the defendant fails to rebut the statutory presumption of dangerousness and the need for detention that applies to him.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that the defendant's appeal be denied.

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472-845


By:  _____/s/_____
ANDREW FLOYD
Assistant United States Attorney
DC Bar No. 1023315
555 4th Street, N.W.
Washington, D.C. 20001
(202) 252-6841
andrew.floyd@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Andrew Floyd, certify that, on this 1st day of April, 2019, the government filed a copy of the foregoing Opposition to Motion to Revoke Order of Detention on the Electronic Case Filing ("ECF") system and served a copy on counsel for Defendant Jaselskis through the ECF.


_____/s/_____
Andrew Floyd
Assistant United States Attorney