FILED

DEC 17 2019

Clerk, U.S District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. 1:19-cr-64 (TJK) |
| | : | |
| | : | |
| RYAN JASELSKIS, | : | |
| | : | |
| Defendant. | : | |

## STATEMENT OF OFENSE IN SUPPORT OF GUILTY PLEA

I.    Summary of the Plea Agreement

Defendant Ryan Jaselskis agrees to admit guilt and enter a plea of guilty to Counts One and Two of the Superseding Information.   Count One charges Assaulting a Federal Law Enforcement Officer, in violation of Title 18, United States Code, Section 111, and Count Two charges Arson, in violation of D.C. Code Section 22-301.

Elements of the Offenses

### Count One

The essential elements of the offense of Assaulting a Federal Law Enforcement Officer, in violation of Title 18, United States Code, Section 111, each of which the government must prove beyond a reasonable doubt, are:

1.  The defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States as designated in Section 1114;

2.  The defendant did so forcibly;

3.  The defendant did so while the employee was engaged in or on account of the performance of official duties;

1

4.  The act involved physical contact with the victim of the assault; and

5.  The defendant acted intentionally.

A United States Park Police Officer is an "officer or employee of the United States as designated in Section 1114."

### *Count Two*

The essential elements of the offense of Arson, in violation of D.C. Code Section 22-301, each of which the government must prove beyond a reasonable doubt, are:

1.  The defendant burned or attempted to burn a building;

2.  The building was the property, in whole or in part, of someone other than the defendant;

3.  The defendant set fire to the building voluntarily and on purpose, not by mistake or accident; and

4.  The defendant acted with the intent to kill or seriously injure another person, with the intent to threaten the security of anyone who lived in or occupied that building or other property, or in conscious disregard of a known and substantial risk that his actions would endanger human life or threaten the security of anyone who lived in or occupied that building or other property.

III.   Brief Statement of the Facts

The following statement of facts does not purport to include all of the defendant's illegal conduct during the course of the offense.   It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

On the evening of Wednesday, January 23, 2019, the defendant, Ryan Jaselskis, entered Comet Ping Pong, a restaurant located at 5307 Connecticut Avenue NW, Washington, D.C.,

carrying a bag containing lighter fluid.   As the defendant walked through the restaurant, he walked into a game room area, passing at least six adults and two children who were playing ping-pong and foosball.   Adjoining the game room is a back bar area that had a decorative curtain covering the back wall.   The defendant doused the curtain with lighter fluid and attempted to ignite it. When his initial attempt to ignite the curtain failed, the defendant left the restaurant, returned a minute later, walking again past the restaurant patrons and into the back bar area.   The defendant proceeded to ignite the curtain.   After the defendant set the curtains ablaze, he departed the restaurant, leaving the fire burning up the curtain towards the ceiling.   A restaurant patron and two kitchen employees were able to extinguish the fire after the defendant departed the restaurant. The events described above were all captured on surveillance camera - the defendant walking into the restaurant, walking past people in the game room, walking into the back bar area, exiting, and then returning and finally lighting the fire.   The surveillance footage depicts the defendant entering the restaurant wearing a distinctive blue jacket with white sleeves and red trim.

Less than two weeks later, on Monday, February 4, 2019, at approximately 6:00 p.m., United States Park Police ("USPP") Officers Oh and Rivera were on patrol wearing standard uniforms when they were flagged-down by a passerby who reported that a man jumped over the construction fence surrounding the Washington Monument.[1]   Officers Oh and Rivera entered the construction zone around the Monument and noticed a man, later identified as the defendant, who was wearing the distinctive blue jacket with white sleeves and red trim, sitting on the ground leaning against the west wall of the Washington Monument.   Officers Oh and Rivera approached the defendant and asked him to stand up.   The defendant ignored the officers, and they again

---

[1] The Washington Monument was undergoing construction renovations and was closed to the public at the time.

3

repeated themselves, telling him to stand up, but the defendant continued to ignore them.   The officers attempted to place handcuffs on the defendant, but he immediately stood up and started fighting with Officer Oh.   During the struggle, the defendant struck Officer Oh in the nose, drawing blood. The defendant began to fight with Officer Rivera, and they both fell to the ground. The officers were eventually able to detain the defendant.   Officer Oh suffered a bloody nose, a cut on his left hand, and scrapes to both legs.   USPP Officer Oh and USPP Officer Rivera are each an officer or employee of the United States as designated in Section 1114.

Respectfully Submitted,
Jessie K. Liu
United States Attorney
D.C Bar No. 472845

BY: _____
Andrew Floyd (D.C. Bar No. 1023315)
Dineen A. Baker (D.C. Bar No. 487820)
Assistant United States Attorneys

4

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer, understand it, and agree that it is true and accurate.   While it is not a complete recitation of all that I did or all that I know, it represents some of my conduct and some of my knowledge concerning my own involvement in illegal activity as well as the activities of some of my co-conspirators.   No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 12/20/19

Ryan Jaselskis

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this factual proffer, reviewed them with my client, and discussed it with my client.

Date: 12/10/19

David Bos, Esquire
Counsel for Defendant